**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

| | |
|---|---|
| CARL FRAZIER, JR.                    ) | |
| Reg #16531-075                          ) | |
|    Petitioner,                          ) | **Case No. 2:13-CV-00101 JLH-JTK** |
|                                                  )  | |
| v.                                                  )  | |
|                                                  )  | |
| ANTHONY HAYNES, Warden,       ) | |
| FCI – Forrest City                        ) | |
|    Respondent. | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**Instructions**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Carl Frazier, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1).

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). On September 21, 2002, while under parole from the State of Tennessee, Petitioner was arrested by the Metro Nashville Police Department for drug paraphernalia, possession with intent to distribute cocaine, and being a felon in possession of a firearm. On November 14, 2002, his parole was revoked, and his sentence was increased to nine years.

On November 3, 2003, Petitioner was lent to federal authorities pursuant to a writ of habeas corpus ad prosequendum. On January 20, 2006, Petitioner was convicted of 1) being a felon in possession of a firearm, 2) possession with intent to distribute cocaine, and 3) carrying a firearm during and in relation to drug trafficking. He received two concurrent 120-month sentences for the first two counts and a consecutive 60-month sentence for the third count.

Despite ordering that Petitioner's federal sentence run consecutive to his state parole conviction and the fact that Petitioner never entered primary federal custody, the federal court recommended that the Federal Bureau of Prisons (BOP) award Petitioner credit for the time "since 11/03/2003 when he was transferred to federal custody."

Petitioner was returned to Tennessee authorities on January 24, 2006.  He was then granted parole and released to primary federal custody on March 16, 2006.  The BOP calculated his sentence as beginning on March 16, 2006, and no prior time was counted towards his sentence.

Relying on the district judge's recommendation, Petitioner requests that the time between November 3, 2003, and January 24, 2006, be credited towards his federal sentence.  However, Respondent correctly points out that the writ of *habeas corpus ad prosequendum* was merely a vehicle for federal authorities to "borrow" possession of Petitioner from state authorities, and Petitioner was still serving his state sentence even though he was housed in a federal facility.  Indeed, Petitioner does not dispute that the time in question was deducted from his state sentence.

It is unclear why the district judge made the recommendation that she did because the BOP is not bound to follow such recommendations, and in this case the BOP was specifically prohibited from doing so by 18 U.S.C. § 3585.  In any event, Petitioner is not entitled to federal credit based on the judge's recommendation.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

All pending motions are DENIED.

SO ORDERED this 16th day of May, 2014.

```
_____
United States Magistrate Judge
```